ER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | : | MULTI-DISTRICT LITIGATION NO. MDL 875 |
| CLAUDE JAMESON v. CROWN, CORK & SEAL, ET AL. | : | CIVIL ACTION NO.: 3:94-CV-00987 (U.S.D.C. INDIANA NORTHERN) |
| JAMES J. AND SHIRLEY GALLAGHER v. CROWN, CORK & SEAL, ET AL. | : | CIVIL ACTION NO.: 09-CV-61627 (U.S.D.C. Pennsylvania Eastern ) |

FILED
MAR 1 8 2009
MICHAEL E. KUNZ, Clerk
By JL Dep. Clerk

MEMORANDUM AND ORDER

A civil action was filed in the United States District Court for the Northern District of Indiana and properly docketed by that court as 94-cv-00987; this civil action has been transferred to this court as part of the federal systemwide asbestos products liability litigation, known commonly as MDL 875.

This one civil action has been brought by 78 individual plaintiffs.[1] We note that claims of different plaintiffs which involve common legal issues, but totally different alleged facts, may not be grouped into a single action pursuant to the plain and unambiguous language of Federal Rule of Civil Procedure 20(a)(1). In the instant matter, while it is true that the claims asserted by each of the

[1] For the purpose of this Memorandum and Order, the term "plaintiff" shall also include and refer to that plaintiff's spouse, if a party, or the estate's administrator, if a party.

plaintiffs against the defendants in this civil action are based upon alleged injuries allegedly incurred as a result of exposure to asbestos products, their individual clams do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and are therefore not related within the meaning of Federal Rule of Civil Procedure 20(a)(1).[2] Pursuant to Federal Rule of Civil Procedure 21, federal courts may sever misjoined plaintiffs *sua sponte* when their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.[3] In addition, courts may sever parties for the "efficient administration of justice."[4] An action severed under Federal Rule of Civil Procedure 21 becomes an independent civil action.[5]

Moreover, the just, speedy and efficient processing of this matter in this court will require separate trials for each of these plaintiffs, as their lawsuits may involve different facts, different witnesses, different evidence, different legal theories and different defenses, which could lead to confusion of the jury if they were all tried together.[6] In addition, it is obvious that permitting such multi-plaintiff actions with unrelated claims to proceed without severance would complicate

---

[2]In re: Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871 (ED Pa. July 21, 2008); DirectTV v. Citrigno, 03-cv-3282 (ED Pa. [illegible]ber 27, 2[illegible]3); DirectTV v. Weiss, 03-cv-3277 (ED Pa. August 5, 2003); Norwood Co. V. RLI Ins. Co., et al., 01-cv-6153 (ED Pa. Apr. 4, 2002); Myers v. Consolidated Rail Corpora[illegible] 96-cv-6579 (ED Pa. October 17, 1996). Accord, In Re: Diet Drugs, MDL 1203, 325 F.Supp. [illegible] 540 (ED Pa. 2004).

[3]Norwood Co. V. RLI Ins. Co., et al., 01-cv-6153 (ED Pa. Apr. 4, 2002).

[4]Official Comm. Of Unsecured Creditors v. Shapiro, et al., 190 [illegible] 352, 35[illegible] (E.D. Pa. 2000).

[5]See, Degen v. Bunce, et al., 93-cv-5674 (ED Pa. Mar. 13, 1995).

[6]See, United States v. 1,071.08 Acres of Land, Yuma and Moja[illegible]ties, Ari[illegible]ona, 564 F.2d 1350 (9th Cir. 1977); Manufacturers Bank and Trust Company of [illegible]is v. Tra[illegible]america Insurance Company, 568 F.Supp. 790 (ED Mo. 1983); Henz v. Superio[illegible]king Company, Inc., 96 F.R.D. 219 (MD Pa. 1982).

discovery and interfere with its completion in accordance with assigned [illegible] ...nes.

Severance of this matter will require each of the plaintiffs to file [illegible] ...vered and Amended Complaint that provides the necessary information about his or her indi[illegible] ...laims. Likewise, a filing fee pursuant to 28 U.S.C. must be assessed for each of these indiv[illegible] ...laintiffs (except for the lead plaintiff, Claude Jameson, who has already satisfied the fee requir[illegible] in the United States District Court for the Northern District of Indiana).

Accordingly, this 4 Day of May , 2009, it is hereby **ORDERED** as follows:

1. Within sixty (60) days, each individual plaintiff[7] shall file [illegible] ...vered and Amended Complaint" in this court. The Clerk of this Court is directed to assign sep[illegible] ...ivil action numbers to each individual plaintiff. Failure to comply with this section of the inst[illegible] ...der may result, upon motion by any concerned defendant, in the dismissal of that specific p[illegible] ...'s civil action with prejudice, pursuant to Federal Rule of Civil Procedure 41.

2. Each Severed and Amended Complaint shall contain the [illegible] claims asserted by that individual plaintiff against any defendant named in the Severed [illegible] ...nended Complaint. Failure to comply with this section of the instant Order may result, upo[illegible] ...n by any concerned defendant, in the dismissal of that specific plaintiff's civil action with pre[illegible] ...pursuant to Federal Rule of Civil Procedure 41.

3. Each Severed and Amended Complaint shall be submitt[illegible] ...e Clerk of Court on disk in portable document format (pdf), along with a courtesy paper copy [illegible] ...mplaint, for filing. Pursuant to Local Rule of Civil Procedure 5.1.2, all attorneys shall app[illegible] ...a signature code by

[7] For the purpose of Section 1 through Section 8 of this Order, th[illegible] ...plaintiff" shall also include and refer to that plaintiff's spouse, if a party, or the estate's [illegible] ...strator, if a party.

completing and filing with the Clerk of Court a Validation of Signatu... copy of which is attached hereto. An attorney's signature code shall be entered on the sig... ine of the courtesy copy of the Severed and Amended Complaint for the purpose of signat... dation pursuant to Federal Rule of Civil Procedure 11.

4. Absent prior leave of court, a Severed and Amended Co... shall contain only those claims pleaded in the original multi-plaintiff action or some subse... se claims. Failure to comply with this section of this Order may result, upon motion by an... med defendant, in the dismissal of the affected claims with prejudice.

5. Absent prior leave of court, a Severed and Amended Con... shall not name any new defendants not named in the original multi-plaintiff action. Claims n... nst any such "new defendants" may result, upon motion by any such "new defendant," in the... sal of the affected claims with prejudice.

6. Claims against any defendant who is named in the origi... n, but who is not named as a defendant by the specific plaintiff in any one specific Severe... ended Complaint may result in the dismissal, *sua sponte*, of that specific plaintiff's civil ... h prejudice.

7. Except for Claude Jameson (the lead plaintiff in the afore... er originally filed in the United States District Court for the Northern District of Indiana... aintiff who files a Severed and Amended Complaint shall remit to the Clerk of Court a ... in the amount of $350.00, pursuant to 28 U.S.C. §1914(a). A specific plaintiff's failure t... with this section of the instant Order may result in the dismissal, *sua sponte*, of that spe... civil action with prejudice.

8. Each Severed and Amended Complaint must be served ... plaintiff as required by Federal Rule of Civil Procedure 5.

BY THE COURT:

EDUARDO C. ROBRENO, J.

Date: 3/4/09

ENTERED
MAR 2 0 2009
CLERK OF COURT

CERTIFICATE OF SERVICE

MAILED TO:

ALGIMANTAS K. KEZELIS, ESQ.
CHARLES F. PARKINSON, ESQ.
DAVID A. JAGOLINZER, ESQ.
DENNIS F. CANTRELL, ESQ.
EDWARD J. LIPTAK, ESQ.
GUS SACOPULOS, ESQ.
HEATHER M. BROOKS, ESQ.
JAMES FERRARO, ESQ.
JAMES K. WHEELER, ESQ.
JASON L. KENNEDY, ESQ.
JEFFREY A. TEW, ESQ.
JOHN C. DUFFEY, ESQ.
JOHN H. DOUGLAS, ESQ.
JULIE A. NEIDHARDT, ESQ.
LORI E. SCHRIER, ESQ.
MATTHEW M. ADOLAY, ESQ.
MICHAEL C. KOMINIAREK, ESQ.
MICHAEL W. DRUMKE, ESQ.
ROBERT A. KEZELIS, ESQ.
ROBIN L. BABBITT, ESQ.

E-MAILED TO:

BARRY L. LOFTUS, ESQ.
DOUGLAS B. KING, ESQ.
DAVID A TEMPLE, ESQ.
KEVIN R. KNIGHT, ESQ.
MICHAEL A. BERGIN, ESQ.
RAYMOND H. MODESITT, ESQ.